## No. 9558.

### INDUSTRIAL COMMISSION v. OCEAN ACCIDENT AND GUARANTEE CORPORATION, LTD.

WORKMEN'S COMPENSATION ACT—*Limit of Recovery.* An insurance company had agreed with a workman to pay him Eight Dollars per week, during total disability. Payments made by the company amounted to over Seven Hundred Dollars. Plaintiff then ceased to be totally disabled, but remained under a permanent partial disability. *Held,* under sec. 54 of the Act plaintiff was entitled to the prescribed allowance of $2,080.00 in addition to what he had before received.

*Error to Denver District Court, Hon. Henry J. Hersey, Judge.*

*En banc.*

Hon. VICTOR E. KEYES, attorney general; Mr. JOHN S. FINE, assistant attorney general; Mr. WALTER E. SCHWED, Mr. JOHN L. SCHWEIGERT, for plaintiffs in error.

Mr. CHARLES W. O'DONNELL, for defendants in error.

Opinion by Mr. Justice Denison:

SECTIONS 53 and 54 of the Workmen's Compensation Act of 1915 read as follows:

"Sec. 53.   In case of temporary disability of more than three weeks' duration, the employee shall receive fifty per cent of his average weekly wages so long as such disability is total, not to exceed a maximum of eight dollars per week and not less than a minimum of five dollars per week, unless the employee's wages shall be less than five dollars per week, in which event he shall receive compensation equal to his average weekly wages.

Sec. 54.   In case of injury resulting in partial disability, the employee shall receive *fifty* per cent of the impairment of his earning capacity during the continuance thereof, not to exceed a maximum of eight dollars per week, or a greater sum in the aggregate than two thousand and eighty dollars."   *   *   *

Leo Hlassar was injured.   The respondent insurance company agreed with him to pay him eight dollars a week during his total disability.   They did so to the amount of $728.   He then ceased to be totally disabled, but remained under permanent partial disability.   The insurance company claimed that the $728 must be deducted from the maximum $2,080.   Hlassar claimed that the limited sum, $2,080, was in addition to the $728.   The Industrial Commission held with the claimant.   The District Court reversed the commission, holding that $2,080 was the limit of recovery under both sections.

It is our opinion that the commission was right.   The two sections provide for different things.   The provisions of one do not relate to those of the other.

In the arguments the attempt is made on either side, with some success, to show that the position of the other side leads to absurdity.   If we take either construction cases can be imagined in which the result will not be such as afterthought might indicate was the best possible, but the meaning of the sections seems to be clear without resort

to the rules for difficult construction.   To discuss the arguments in detail would serve no useful purpose, because the act has been amended, and our opinion can have no effect except upon this case.

The judgment of the District Court should be reversed, with directions to affirm the order of the commission.

*Judgment Reversed.*